# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| RACHEL W.D. HUGHES | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | |
| PNC BANK | : | NO. 15-3147 |

## MEMORANDUM

**PAPPERT, J.**                                                                                                              **JUNE 24 , 2015**

Currently before the Court is plaintiff Rachel W.D. Hughes's amended complaint against PNC Bank. For the following reasons, the Court will dismiss the amended complaint for failure to state a claim and for lack of subject matter jurisdiction.

Plaintiff filed this action on June 5, 2015 on the basis of her allegation that PNC Bank "illegally" refinanced her home twice in 2003 while she was incarcerated, thereby requiring her to pay "a higher monthly payment for twelve years." In a June 9, 2015 order, the Court granted plaintiff leave to proceed *in forma pauperis* and dismissed her complaint for failure to state a claim because it was premised entirely on conclusory allegations. Plaintiff was given an opportunity to file an amended complaint, which she did. The amended complaint alleges that PNC Bank authorized two loans on plaintiff's home without her knowledge or consent while she was incarcerated between January 31, 2003 and December 4, 2003. Plaintiff alleges that PNC Bank violated 18 U.S.C. § 1001, which criminalizes the making of false statements. The amended complaint does not specify the relief that plaintiff seeks.

As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the amended complaint if it fails to state a claim. To survive dismissal the amended complaint must contain "sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The pleading standard is not satisfied by "labels and conclusions," "mere conclusory statements," and "naked assertions devoid of further factual enhancement." *Id.* (quotations and alteration omitted). As plaintiff is proceeding *pro se*, the Court will construe her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Plaintiff cannot state a claim under 18 U.S.C. § 1001 because that federal criminal statute does not give rise to civil liability. *See Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone."); *Davis v. Jordan*, 573 F. App'x 135, 137 (3d Cir. 2014) (per curiam) ("[A] private cause of action does not exist under 18 U.S.C. § 1001, which is a criminal statute."). Nor does the amended complaint provide a sufficient factual basis sufficient to state any other federal cause of action. To the extent plaintiff is raising state law claims, and assuming *arguendo* that any of her claims are timely, the Court lacks diversity jurisdiction over those claims because both plaintiff and PNC Bank are citizens of Pennsylvania. *See* 28 U.S.C. §§ 1332 & 1348.

For the foregoing reasons, the Court will dismiss plaintiff's amended complaint. Plaintiff will not be given another opportunity to amend her federal claims because the Court concludes that amendment would be futile. To the extent she seeks to pursue any timely state law claims, she must file an action in state court. An appropriate order follows, which shall be docketed separately.